UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STACY L. POWELL,

       Plaintiff,

vs.

WAL-MART STORES EAST, LP,
a corporation,

       Defendants.
_____/

## WAL-MART STORES EAST, LP's NOTICE OF REMOVAL

Defendant, WAL-MART STORES EAST, LP ("Wal-Mart"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the Fifth Judicial Circuit Court in and for Hernando County, Florida, Case No. 2020-CA-000247, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I. BACKGROUND

1. On March 6, 2020, Plaintiff commenced this action by filing a Complaint against Wal-Mart in the Fifth Judicial Circuit Court in and for Hernando County, Florida. *See* Pl.'s Compl. attached as **Ex. "A."**

2. The Complaint was served on March 11, 2020. *See* Service of Process Transmittal and Summons showing Wal-Mart was served attached as **Ex. "B."**

3. Plaintiff alleged that Wal-Mart failed to maintain the premises in a reasonably safe condition by allowing a wet liquid to remain on the floor without providing wet floor or warning signs and without acting to detect or remedy such a dangerous condition, failing to protect Plaintiff from or correct the dangerous condition, failing to warn or otherwise notify the

Plaintiff of the aforesaid condition, failing to properly train its agents, servants and employees. *See* Ex. A at ¶¶ 8-9. Specifically, Plaintiff alleged that she slipped and fell on a clear liquid substance. *Id* at ¶¶ 4-5.

4. **At the time Plaintiff filed her lawsuit, she alleged she is a citizen of State of Florida. Ex "A" at ¶ 4.** Additionally, on September 17, 2020, the Plaintiff testified that she has never resided anywhere else but State of Florida. *See* Plaintiff's Redacted Deposition Transcripts, September 17, 2020 attached as **Ex. "C"** at 10:5-6.

5. The parties are diverse, as explained in further detail below, as Wal-Mart was at the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at the time of the filing of the Complaint, a Delaware Limited Partnership with its principal place of business in the State of Arkansas.

6. At the time Plaintiff filed her lawsuit against Wal-Mart, her case as stated by her initial pleading (i.e Complaint) was not removable pursuant to 28 U.S.C. § 1446(b)(1), as Plaintiff's Complaint alleged an unspecified demand for damages below $75,000.00, and Plaintiff's August 19, 2019 Pre-suit Demand Letter stated Plaintiff's past medical expenses were only $17,378.40 – which is also below the required $75,000.00 jurisdictional minimum. See Ex "A" at ¶ 1, and Plaintiff's Pre-suit Demand Letter attached as **Ex. "D."**

7. On May 15, 2020, the Plaintiff filed her answers to Interrogatories requesting the amount of her expenses she claimed to have incurred in connection to her alleged injuries. In her response she referred to unverified amounts in her billing statements and claims payout attached to her responses to Defendant's Request to Produce. *See* Plaintiff's redacted answers to Interrogatory No. 26 attached as **Ex "E."**

8. As Plaintiff's past medical expenses were only approximately $17,378.40, her case as stated by her answers to Interrogatories was not removable pursuant to 28 U.S.C. §1446(b)(3), as the Plaintiff's answers to Interrogatories did not establish that damages in this case exceeded $75,000.00, and thus, Plaintiff's answers to Interrogatories did not constitute the "other paper," necessary from which Wal-Mart may first ascertain that the case is one which is or has become removable.

9. On September 17, 2020, during the Plaintiff's deposition, Plaintiff testified that she claims $44,000.00 in lost wages as part of her damages related to her alleged injuries. *See* Ex "C" at 18:16-19:6.

10. On October 2, 2020, Wal-Mart first received the Plaintiff's deposition testimony transcript. *See* email correspondence attached as **Ex "F."**

11. Therefore on October 2, 2020, pursuant to review of Plaintiff's deposition testimony transcript and verification of medical records received in response to subpoenas served on various medical providers, Wal-Mart verified that Plaintiff's medical bills which she claimed to have incurred as a result of her alleged injuries are in the total amount of $23,321.26. Therefore, on October 2, 2020, Wal-Mart first ascertained that the case is one which has become removable pursuant to 28 U.S.C. §1446(b)(3), in which the damages exceed $75,000.00 because:

   a. Plaintiff's past medical expenses are $23,321.26;

   b. Plaintiff's claim for lost wages is in the amount of $44,000; *See* Ex "D,"

   c. Plaintiff's claim for future medical treatment she will have to undergo due to permanent nature of her injuries. *See* Ex "C,"

   d. Past and future out-of-pocket expenses in an unspecified amount. *See* Ex. "C."

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

12. Accordingly, on October 2, 2020, Wal-Mart first ascertained that the case is one which has become removable pursuant to 28 U.S.C. §1446(b)(3), as the Plaintiff first produced evidence that the damages exceed $75,000.00.

13. This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

14. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

15. On October 2, 2020, Wal-Mart first ascertained that the is one which has become removable pursuant to 28 U.S.C. § 1446(b)(3), as it reviewed Plaintiff's deposition testimony transcript in which she testified that she claims lost wages in the amount of $44,000.00 as results of her alleged injuries. In addition, Wal-Mart verified that the amount of Plaintiff's medical bills alleged first in the pre-suit demand was $23,321.26 pursuant to responses to subpoenas to various medical providers. This combined with Plaintiff's claim for future medical treatment due to permanent nature of her injuries, as well as other past and future out of pocket evidence that damages exceed $75,000.00. See Ex. "C" and "D."

16. 28 U.S.C. § 1446(b)(3) authorizes Wal-Mart to remove the instant case within thirty (30) days after receipt by Wal-Mart, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

17. The Eleventh Circuit Court has held that responses to discovery, *deposition transcripts*, and other documents can constitute and be considered the "other paper" pursuant to, and required by 28 U.S.C. § 1446(b)(3). See Wilson v. General Motors Corp., 888 F.2d 779, 780 (11th Cir. 1989); *Lowery v. Alabama Power Co.*, 483 F.3d 1213, n. 61 (noting that a number of documents have been judicially recognized as such, including interrogatory responses).

18. In accordance with 28 U.S.C. § 1446(b)(3), Wal-Mart files this Notice of Removal within thirty (30) days of October 2, 2020, which is the date it received the Plaintiff's deposition testimony transcript and verified that the amount of Plaintiff's medical bills alleged first in the pre-suit demand was $23,321.26 pursuant to responses to subpoenas to various medical providers. This combined with Plaintiff's claim for lost wages in the amount of $44,000.00 and other past and future out of pocket evidence that damages exceed $75,000.00, making it clear that removal is appropriate. Thus, the instant Notice of Removal is timely filed.

19. Venue exists in the United States District Court for the Middle District of Florida, Tampa Division, because the Fifth Judicial District in and for Hernando County, where Plaintiff filed her state court Complaint against Wal-Mart, is located within the United States District Court for the Middle District of Florida, Tampa Division.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

20. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

**A. Citizenship of WAL-MART STORES EAST, L.P.**

21. At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a

limited partnership which currently is, and was at the time of the Complaint, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as **Ex. "G."**

### B. Citizenship of Plaintiff STACY L. POWELL.

22. Plaintiff, Stacy L. Powell, alleged she was a citizen of State of Florida at the time of the incident. *See* Ex. "A." at ¶ 4.

23. Additionally, during her deposition, Plaintiff testified she has never resided anywhere else but Florida. *See* Ex. "C" at 10:5-6.

### IV. AMOUNT IN CONTROVERSY

24. The amount of controversy exceeds 75,000.00. Although Plaintiff's Complaint

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

does not specify an amount in controversy, Plaintiff testified that her damages exceed $75,000.00 based on the following:

a. Plaintiff's past medical expenses are $23,321.26;

b. Plaintiff's claim for lost wages is in the amount of $44,000; *See* Ex "D,"

c. future medical treatment she will have to undergo due to permanent nature of her injuries. *See* Ex "C,"

d. Past and future out-of-pocket expenses in an unspecified amount. *See* Ex. "C."

25. The well-established rule adopted by the Eleventh Circuit states that Wal-Mart can offer its own affidavits, declarations, ***or other documentation*** to establish federal removal jurisdiction and there is no limitation on the type of evidence that a defendant could offer once it timely files a notice of removal. *See Pretka v. Kolter City Plaza, II, Inc.,* 608 F.3d 759 (11th Cir. 2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal) (emphasis added); *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

26. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) (discussing that when a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement).

27. Moreover, Eleventh Circuit precedent permits district courts to use their judicial

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka,* 608 F.3d at 754). Furthermore, a removing defendant, like Wal-Mart, is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See Pretka,* 608 F.3d at 754. All that is required is that Wal-Mart show, by a preponderance of the evidence, that the amount in controversy in the instant case exceeds $75,000.00. *Id.* at 752.

28. Similarly, the Eleventh Circuit Court has held that responses to discovery, ***deposition transcripts***, and other documents can constitute and be considered the "***other paper***" pursuant to, and required by, 28 U.S.C. § 1446(b)(3). *See Wilson v. General Motors Corp.,* 888 F.2d 779, 780 (11th Cir. 1989); *Lowery v. Alabama Power Co.*, 483 F.3d 1213, n. 61 (noting that a number of documents have been judicially recognized as such, including interrogatory responses).

29. Here, Plaintiff's deposition testimony as transcribed in her deposition transcript conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. The relevant portions of Plaintiff's medical bills produced in response to subpoenas to various medical providers in the amount of $23,321.26, together with her testimony as to the lost wage claim in the amount of $44,000, claims for future medical treatment and past and future out of pocket expenses conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. See Ex. "C" and "D".

30. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

conclusion.

31. Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. CONCLUSION

Because there exists complete diversity between Plaintiff and Wal-Mart who are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the Fifth Judicial Circuit in and for Hernando County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, L.P. respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2020-CA-000247 on the docket of the Court for the Fifth Judicial Circuit in and for Hernando County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida, Tampa Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

Dated: October 30, 2020.

[SIGNATURE ON THE NEXT PAGE]

9

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Respectfully submitted,

*/s/ Marta R. Golani*
Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
William Edwards, Esq.
Florida Bar No. 43766
wedwards@hamiltonmillerlaw.com
Marta R. Golani, Esq.
Florida Bar No. 037331
mgolani@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
*Attorneys for Wal-Mart Stores East LP*
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone: (305) 379-3686
Facsimile: (305) 379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 30, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*/s/ Marta R. Golani, Esq.*
Marta R. Golani, Esq.

## SERVICE LIST

*Attorneys for Plaintiff*

Sarah Barkley Raaymakers, Esquire
7614 Massachusetts Avenue
New Port Richey, FL 34653
Telephone: (727) 847-2737
Primary: sarahb@carlsonmeissner.com
caseyw@carlsonmeissner.com

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690